UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ALFREDO ESTRELLA,

                Plaintiff,

         -against-

DIAGO SUCUZHANAY, MARCELO
SUCUZHANAY, PEDRO SUCUZHANAY,
296 SCHAEFFER ST. & 324 CENTRAL, LLC,
OPEN REALTY (aka "OPEN PASSPORT"), JOHN
AND JANE DOES, 296 SCHAEFFER, LTD.,

                Defendants.

-----------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-3650 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff pro se Alfredo Estrella ("Estrella") brings this housing discrimination action against various Defendants. (See Amended Compl. ("Compl.") (Docket Entry # 3).) One of those defendants, 296 Schaeffer, Ltd. ("Schaeffer"), moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the basis of Estrella's failure to state a claim against it. (Def. Mot. (Docket Entry # 21).) The motion to dismiss, which is effectively uncontested, is granted.

## I. BACKGROUND

Estrella asserts several state and federal claims against the various Defendants, including claims under the Fair Housing Act, 42 U.S.C. 3601 et seq. He alleges that, in July 2010, the Defendants were responsible for renting him an apartment, at 296 Schaefer Street in Brooklyn, New York,[1] that was in deplorable condition, and that this conduct was motivated by racial animus. (See Compl.) Estrella alleges that he entered into the lease with Defendant 296

---

[1] The parties, though inconsistent, generally spell the name of the street on which the apartment was located with two Fs. However, according to maps.google.com, the name has only one F.

1

Schaeffer St. & 324 Central, LLC. ("S&C"). (Id. ¶ 14.) Estrella alleges that Defendants Diago, Marcella, and Pedro Sucuzhanay are relatives who were "involved in the daily activities, operation, [and] management" of both the building located at 296 Schaefer Street and the Defendant companies S&C and Open Realty. (Id. ¶¶ 6-8.)

Estrella alleges that Defendant Schaeffer is a "financial institution." (Id. ¶ 10.) At no point does Estrella allege that Schaeffer is individually responsible for any of the alleged conduct. Attached to the Amended Complaint is a document titled "Property History," whose provenance is unclear. (Id. at 14-15.) This document consists in part of a list of buyers and sellers of the property at 296 Schaefer Street. It shows that Schaeffer bought the property in 2003 and sold it to S&C in 2008. (Id. at 15.) The document also indicates that Schaeffer, in 2008, filed a lis pendens in connection with mortgage foreclosure proceedings against S&C, and identifies Schaeffer as the "creditor" or mortgagee and S&C as the "debtor." (Id. at 14.)

Schaeffer's motion to dismiss includes an affidavit signed by Chaouki Eladem ("Eladem"), the president of Schaeffer. (Eladem Aff. (Def. Mot. at 7-9).) Eladem states that S&C owns the building at 296 Schaefer Street and that Schaeffer's only interest in the building is as the mortgagee. (Id. ¶¶ 3-7). Indeed, Eladem—confirming the information provided in the "Property History" Estrella attached to his Amended Complaint—states that Schaeffer has brought an action against S&C to foreclose on the property. (Id. ¶ 8.) Eladem states that Schaeffer "is not the landlord or owner of the Premises, and has never entered into an agreement (written or oral)" with Estrella. (Id. ¶ 10.)

In a submission filed in reply to Schaeffer's motion to dismiss, Estrella states: "From the beginning, every defendant claimed to be the lawful owner of the premises at 296 Schaefer Street Brooklyn NY. The only exclusion is the financial institute [sic] which filed foreclosure onto the

building. The claims are dropped against same for obvious reasons—its [sic] not an owner responsible for the maintenance and operation and policies performed and implemented as to this structure." (Reply (Docket Entry # 19) ¶ 2.)[2]

## II. LEGAL STANDARD

In reviewing a defendant's motion to dismiss under Rule 12(b)(6), the court accepts as true all allegations of fact made by the plaintiff and draws all reasonable inferences from these allegations in the plaintiff's favor. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). But while "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted), even a pro se complaint will be dismissed if it does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

## III. DISCUSSION

It is clear from Estrella's own submissions that all claims against Defendant Schaeffer should be dismissed. Though the Eladem affidavit submitted by Defendant Schaeffer is helpful in clarifying the facts, the court need not, and does not, rely on it in deciding on Schaeffer's

---

[2] See Order (Docket Entry # 20) (construing submission at Docket Entry # 19 as Estrella's reply to Schaeffer's motion to dismiss).

3

motion. Therefore, the court need not convert Schaeffer's motion into a motion for summary judgment, as the court would be required to do under Rule 12(d) were it to rely on the affidavit. See Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009). Instead, the court reaches its conclusion based entirely on Estrella's own submissions.

As noted above, Estrella, in his Amended Complaint, makes clear that he signed the lease for the apartment in question with Defendant S&C. He calls Schaeffer a "financial institution" and identifies Schaeffer as the creditor for the mortgage loan S&C used to purchase the property in question. In his Reply, Estrella states that he "drop[s]" the action against "the financial institute [sic] which filed foreclosure onto the building" since that entity was "not an owner responsible for the maintenance and operation" of the premises. Though Estrella, in his Reply, does not make explicit that the "financial institute" in question is Defendant Schaeffer, that is made clear in Estrella's Amended Complaint.

## IV. CONCLUSION

In sum, Estrella alleges no facts indicating that Defendant 296 Schaeffer, Ltd. is responsible for the discriminatory conduct he alleges in the Amended Complaint. In fact, Estrella admits that his claims against 296 Schaeffer, Ltd. should be dismissed. Accordingly, all claims against Defendant 296 Schaeffer, Ltd. are DISMISSED.

SO ORDERED.                                           s/Nicholas G. Garaufis

Dated: Brooklyn, New York                             NICHOLAS G. GARAUFIS
       April 22, 2011                                 United States District Judge

4