UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALFREDO ESTRELLA,

                Plaintiff,

      -against-

DIAGO SUCUZHANAY, MARCELO
SUCUZHANAY, PEDRO SUCUZHANAY,
296 SCHAEFER & 324 CENTRAL LLC, *also
known as 296 Schaeffer St & 324 Central, LLC*,
OPEN REALTY, *also known as "Open Passport,"*
JOHN/JANE DOES, *unknown names and amount of
defendants*, 296 SCHAEFER, LTD, *also known as
296 Schoeffer, LTD*,

                Defendants.

-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-3650 (NGG) (LB)**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 28 2011 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff pro se Alfredo Estrella alleges that Defendants violated the Fair Housing Act and committed various state common-law torts. (See Am. Compl. (Docket Entry # 3).) In particular, Estrella alleges that the individual defendants, who are of Ecuadorian descent, failed to properly maintain the apartment they rented to Estrella, due to Estrella's Dominican descent. Estrella also alleges that Defendants committed various state common-law torts. Because Estrella has presented no evidence of discrimination, Defendants' motion for summary judgment (Docket Entry # 38) is granted. Moreover, Estrella's motion to file a second amended complaint (Docket Entry # 39) is denied.

**I.    BACKGROUND**

    In his Amended Complaint, Estrella alleges that, in July 2010, Defendants rented him an apartment at 296 Schaefer Street in Brooklyn, New York, which the individual defendants

1

managed.¹ (Am. Compl. ¶¶ 6, 14.) The individual defendants assured Estrella that the apartment was "up to code" and "serviced." (Id. ¶ 14.) As it turned out, among other problems, the apartment lacked hot water and was infested with flies and roaches. (Id. ¶ 15.) Defendants did nothing to remedy the situation, despite Estrella's complaints. (Id. ¶ 16.)

Estrella is of Dominican descent and the individual defendants are of Ecuadorian descent. (Id. ¶¶ 5-6.) Estrella alleges that Defendants' behavior "presumably [was] based upon the difference in the races of plaintiff and defendant" and that Defendants "refused to fairly rent to Dominicano people." (Id. ¶¶ 17, 24(a).) The only factual support for this claim alleged in the Amended Complaint is that Defendants owned another building at 324 Central Avenue in Brooklyn, which was "predominantly filled with Ecuadorians," and which, unlike 296 Schaefer, was "serviced." (Id.) In their Answer, Defendants deny Estrella's allegations of discrimination, and the supporting allegations just noted. (Answer (Docket Entry # 7) ¶ 1.) Based on the above, Estrella brings federal claims under the Fair Housing Act, 42 U.S.C. § 3604(b), and under 42 U.S.C. §§ 1981 and 1982. (Am. Compl. ¶¶ 1-2, 22-26, 53-57.) In addition, Estrella brings several state common-law claims. (Id. ¶¶ 1, 27-51.)

Defendants submit along with their motion for summary judgment a Statement of Material Facts pursuant to Local Civil Rule 56.1. (Docket Entry # 38 at 2.) Therein, they acknowledge that they rented the apartment at 296 Schaefer to Estrella and that, when it was rented, the premises "had multiple violations issued against it by the City of New York and its agencies." (Id. ¶¶ 3-6.) However, they deny that they "discriminated against the Plaintiff" and state that they "at all times treated Plaintiff equally as Defendants treat all tenants at the premises." (Id. ¶ 9.) Defendants also submit the sworn affidavit of Defendant Diego

---

¹ The parties, though inconsistent, generally spell the name of the street on which the apartment was located with two Fs. However, according to maps.google.com, the street name has only one F.

Sucuzhanay, who states that, along with Defendants Marcelo and Pedro Sucuzhanay, he managed the building at 296 Schaefer. (Docket Entry # 38 at 3, ¶ 4.) Diego Sucuzhanay denies that he or his brothers discriminated against Estrella, stating that Estrella's apartment was "substantially similar to all of the other apartments at the premises," and that all the tenants were provided with essential services, including heat and hot water. (Id. ¶¶ 12-13.)

In his response to Defendants' motion, Estrella states that Defendants generally treated their tenants "abusively, criminally, unlawfully and without any rational reason, except for race, color, creed, etc." (Pl.'s Resp. (Docket Entry # 39) at 6.) He also states that "the Sucuzhanay defendants" live at 21 Kossuth Place, in Brooklyn, New York; that many other Ecuadorians live there; and that the Sucuzhanays "probably" manage that building, which, Estrella states, enjoys conditions superior to those prevalent at 296 Schaefer. (Id. at 5.) Notably, this address is not the same one as the address of the allegedly better-managed building Estrella refers to in his Amended Complaint (324 Central Avenue). Estrella includes with his response no sworn statements or evidence of any kind indicating that Defendants' conduct was related to Estrella's race or national origin. Instead, his response consists, in large part, of a motion to file a second amended complaint, as discussed below.

## II. DISCUSSION

### A. Motion for Summary Judgment

#### 1. Summary Judgment Standard

"[T]he submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006). Even where the plaintiff proceeds pro se however, a defendant's motion for summary judgment must be granted if "the movant shows that there is no genuine dispute as

3

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, "the court must draw all reasonable inferences in favor of the nonmoving party." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000). Further, the burden of showing the absence of any genuine dispute as to a material fact rests on the movant. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. A grant of summary judgment is proper "[w]hen no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight." Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1224 (2d Cir. 1994).

The party opposing summary judgment is not entitled to rely on unsworn allegations, but must instead "show that there is admissible evidence sufficient to support a finding in her favor on the issue that is the basis for the motion." Fitzgerald v. Henderson, 251 F.3d 345, 360-61 (2d Cir. 2001). Therefore, the court will not take into account the unsworn allegations in Estrella's Amended Complaint or in his response to Defendants' motion. Nor is a genuine issue of

4

material fact created by conclusory assertions. See Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 219 (2d Cir. 2004).

### 2. The Merits of the Motion

Estrella brings three federal claims, under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(b), and 42 U.S.C. §§ 1981 and 1982. The relevant provision of the FHA, § 3604(b), prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." A plaintiff can make out a claim under this section by proving either intentional discrimination or a facially neutral housing policy that has a disparate impact on members of a protected group. See Hack v. President and Fellows of Yale College, 237 F.3d 81, 88 (2d Cir. 2000), abrogated on other grounds, Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002). To make out a prima facie claim of disparate impact actionable under § 3604(b), a plaintiff must show that a defendant maintained a practice or policy that "actually or predictably results in racial discrimination." Id. at 90. Estrella provides no evidence of any such practice or policy. To make out a prima facie case of intentional discrimination, a plaintiff "must make a modest showing that a member of a statutorily protected class was not offered the same terms, conditions or privileges of rental of a dwelling or not provided the same services or facilities in connection therewith made available to others under circumstances giving rise to a reasonable inference of prohibited discrimination." Khalil v. Farash Corp., 452 F. Supp. 2d 203, 208 (W.D.N.Y. 2006) (internal quotation marks omitted); accord Fair Housing Justice Center, Inc. v. Broadway Crescent Realty, Inc., No. 10-CV-34 (CM), 2011 WL 856095, at *6 (S.D.N.Y. Mar. 9, 2011). While Estrella makes allegations in support of his intentional discrimination claim—specifically, that Defendants managed a second

5

apartment building that was occupied by Ecuadorians and that received better services—he has offered no evidence to support those allegations.

To demonstrate violations of either § 1981 or § 1982, a plaintiff must prove, inter alia, that the defendant intended to discriminate on the basis of race. See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir.1993); Young v. Suffolk Cnty., 705 F. Supp. 2d 183, 207 (E.D.N.Y. 2010). Estrella has provided no evidence of such intent.

Therefore, Defendants' motion for summary judgment is granted as to all of Estrella's federal claims.

Under 28 U.S.C. § 1367(c)(3), a federal court may "decline to exercise supplemental jurisdiction" over state claims if it "has dismissed all claims over which it has original jurisdiction." Since Estrella's federal claims are dismissed, the court will not exercise supplemental jurisdiction over his state claims.

**B.    Motion to Amend**

A plaintiff seeking, as here, to amend his complaint more than twenty-one days after the service of responsive pleadings may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," id., leave "may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim," AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 726 (2d Cir. 2010). An amendment is futile where it is legally insufficient on its face so that it could be defeated by a motion to dismiss. See Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002). Even a pro se complaint will be dismissed if it does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

6

Twombly, 550 U.S. 544, 570 (2007)). The court denies Estrella leave to amend because such amendment would be futile.

Estrella seeks to amend his complaint to include claims under 42 U.S.C. § 1983 since, Estrella now alleges, Defendant Marcelo Sucuzhanay is a police officer. (Pl.'s Resp. at 3-4, 14-15.) Estrella also seeks to bring claims based on alleged failures, by the New York City Police Department and the New York State Division of Licensing, to investigate or take action upon his complaints of discrimination and misconduct by Defendants. (Id.)

A plaintiff seeking to hold a state official liable under § 1983 must show that the official was acting under "color of law," and was not merely engaged in "personal pursuits." United States v. Temple, 447 F.3d 130, 138 (2d Cir. 2006) (quoting Screws v. United States, 325 U.S. 91, 111 (1945)). While it is possible for off-duty police officers to violate the Constitution, and thus to be held liable under § 1983, such liability exists only where the officer's conduct was "'made possible . . . because [he was] clothed with the authority of state law.'" United States v. Walsh, 194 F.3d 37, 50 (2d Cir. 1999) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). This is the case, for example, "where a police officer, albeit off-duty, nonetheless invokes the real or apparent power of the police department. Liability also may exist where off-duty police officers perform duties prescribed generally for police officers." Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1994) (internal citations omitted). There is no indication that any of the conduct Estrella alleges Marcello Sucuzhanay committed—either in the instant Amended Complaint or in Estrella's proposed second amended complaint—was committed within the scope of Marcello Sucuzhanay's employment as a police officer, or that Marcello Sucuzhanay at any point, over the course of the alleged events, invoked or relied upon his "real or apparent authority" as a police officer. (See Pl.'s Resp. at 4, 14.) Instead, Marcello Sucuzhanay's alleged

acts were all committed in the context of his role as a landlord/property manager. (See id.) Because Estrella's proposed § 1983 claims against Marcello Sucuzhanay would fail, amendment of the complaint to include them would be futile.

Estrella's proposed § 1983 claims regarding the alleged failure by the New York City Police Department and the New York State Division of Licensing to take action against Defendants, upon Estrella's complaints, would also fail. Estrella has pointed to no federal statute that requires such action by state and local government agencies, and the court is aware of none. To the extent Estrella claims that the agencies' failure to take action violated the Constitution, such a claim would fail under Deshaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989), in which the Supreme Court held that the Due Process Clause does not confer any "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." Id. at 196.

### III. CONCLUSION

For the aforementioned reasons, Defendants' motion for summary judgment is GRANTED and Estrella's motion to amend is DENIED. All of Estrella's federal claims are DISMISSED, and the court declines to retain jurisdiction over Estrella's remaining state-law claims. The action is dismissed without prejudice to Estrella's right to bring his state-law claims in the appropriate state court.

SO ORDERED.

Dated: Brooklyn, New York
October 26, 2011

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge